1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Peter E. Waswa,                          )   No. CV 11-1046-PHX-RCB (MEA)
                                             )
10                    Plaintiff,             )   **ORDER**
                                             )
11  vs.                                      )
                                             )
12                                           )
                                             )
13  Corrections Corporation of America, et al.,)
                                             )
14                    Defendants.            )
                                             )
15  _____     )

16          On May 25, 2011, Plaintiff Peter E. Waswa, who is confined in the Corrections

17  Corporation of America's (CCA) Eloy Detention Center in Eloy, Arizona, filed a *pro se* civil

18  rights Complaint and an Application to Proceed *In Forma Pauperis*.  In a June 13, 2011

19  Order, the Court granted the Application to Proceed and dismissed the Complaint because

20  Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended

21  complaint that cured the deficiencies identified in the Order.

22          On June 24, 2011, Plaintiff filed his First Amended Complaint (Doc. 6).[1]  The Court

23  will dismiss the First Amended Complaint with leave to amend.

24

25  _____

26          [1]As was the case with his original Complaint, Plaintiff brought his First Amended
    Complaint as an action pursuant to 42 U.S.C. § 1983.  As the Court explained in its June 13th
27  Order, the named defendants are federal actors, not state actors.  Therefore, Plaintiff's action
    is more appropriately brought as an action pursuant Bivens v. Six Unknown Named Agents
28  of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and will be treated as such.

JDDL

1   **I.    Statutory Screening**

2       Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted *in*

3   *forma pauperis status*, the Court

4           shall dismiss the case at any time if the court determines that . . .
            the action or appeal–(i) is frivolous or malicious; (ii) fails to
5           state a claim on which relief may be granted; or (iii) seeks
            monetary relief against a defendant who is immune from such
6           relief.

7   28 U.S.C. § 1915(e)(2)(B).

8       A pleading must contain a "short and plain statement of the claim *showing* that the

9   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11  unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements, do not suffice." Id.

14      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,

16  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17  that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for

19  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20  experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

21  allegations may be consistent with a constitutional claim, a court must assess whether there

22  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

23      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

25  Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

26  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,

27  94 (2007) (*per curiam*)).

28

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because the First Amended Complaint may possibly be saved by amendment, will dismiss the First Amended Complaint with leave to amend.

## II.    First Amended Complaint

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court treats the original Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Thus, the Court will consider only those claims raised in the First Amended Complaint against only those Defendants named in the First Amended Complaint.

In his three-count First Amended Complaint, Plaintiff sues the following Defendants, all of whom are employed at the Eloy Detention Center: S. Jolly, Sergeants Hayness and Roodegze, and Corrections Officer Venzwela.  In his Request for Relief, Plaintiff seeks monetary damages.

## III.   Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  Id.

### A.     Counts One and Two

In Count One, Plaintiff alleges that he was subjected to sexual harassment because Defendant Roodegze called Plaintiff a "bitch" without cause.  He asserts that, thereafter, Defendant Roodegze told other CCA staff members that Plaintiff had "writed him out or . . . . reported him" and that other staff members then started "pointing" at Plaintiff.  In Count Two, Plaintiff claims that he was threatened.  Plaintiff alleges that he greeted Defendant Hayness, and that she used obscene language to convey to Plaintiff that he should not bother her.  Plaintiff contends that he did not like the way Defendant Haynes construed his greeting and that she was "way out of the lane."

Verbal abuse and name calling do not violate the Constitution.   Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983'" (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979))).  In addition, Plaintiff's allegations that Defendant Roodegze's coworkers were "pointing" at Plaintiff are too vague and conclusory to state a claim.  Therefore, the Court will dismiss without prejudice Counts One and Two.

### B.     Count Three

In Count Three, Plaintiff alleges that he was subject to sexual harassment.  Plaintiff claims that Defendant Jolly told Plaintiff that he was going to let "this Mexican jump [Plaintiff] up" while Plaintiff was in the shower.  Plaintiff also asserts that he ended up in the special housing unit because Defendant Jolly falsely claimed that Plaintiff had threatened to kill him, although Plaintiff had actually threatened to "write [Defendant Jolly] up."  Plaintiff contends that while he was in the special housing unit, Defendant Jolly came to Plaintiff's cell and told Plaintiff that he would "write [Plaintiff] up some more" and Plaintiff would spend more time in the special housing unit if Plaintiff did not "do what [Defendant Jolly wanted Plaintiff] to do."  Plaintiff contends that Defendant Jolly required Plaintiff to strip, bend over, and cough three times, and that Defendant Jolly then started laughing at Plaintiff.

Plaintiff's allegations are vague, jumbled, and confusing.  To the extent Plaintiff contends that Defendant Jolly threatened to have another detainee "jump [Plaintiff] up" and

1  threatened to "write [Plaintiff] up some more," Plaintiff he has failed to state a claim. <u>See</u>

2  <u>Oltarzewski</u>; <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987) (defendants' threats of bodily

3  harm to convince plaintiff not to pursue legal redress were insufficient to state a claim under

4  § 1983; "it trivializes the eighth amendment to believe a threat constitutes a constitutional

5  wrong").

6       To the extent Plaintiff is claiming that he was placed in special housing unit after he

7  told Defendant Jolly that he intended to write up Defendant Jolly, he has failed to state a

8  claim.  A viable claim of First Amendment retaliation contains five basic elements: (1) an

9  assertion that a state actor took some adverse action against an inmate (2) because of (3) that

10 prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

11 Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not

12 reasonably advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-

13 68 (9th Cir. 2005); <u>see also</u> <u>Hines v. Gomez</u>, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation

14 claims requires an inmate to show (1) that the prison official acted in retaliation for the

15 exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate

16 penological interest").  The plaintiff has the burden of demonstrating that his exercise of his

17 First Amendment rights was a substantial or motivating factor behind the defendants'

18 conduct. <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977);

19 <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff does not

20 allege that his First Amendment rights were chilled or that he suffered more than minimal

21 harm and he does not allege that placing him in the special housing unit did not reasonably

22 advance a legitimate penological interest.

23       Finally, although the Due Process Clause of the Fourteenth Amendment protects

24 against the imposition of "punishment" prior to an adjudication of guilt, a detainee may be

25 subjected to "the restrictions and conditions of the detention facility so long as those

26 conditions and restrictions to not amount to punishment."  <u>Bell v. Wolfish</u>, 441 U.S. 520,

27 535-37 (1979).  "[I]f a particular condition or restriction of pretrial detention is reasonably

28 related to a legitimate governmental objective, it does not, without more, amount to

1   'punishment.'" Id. at 539. "[M]aintaining institutional security and preserving internal order

2   and discipline are essential goals that may require limitation or retraction of the retained

3   constitutional rights of both convicted prisoners and pretrial detainees." Id. at 546.

4       It is unclear from Plaintiff's vague and conclusory allegations whether Plaintiff was

5   subjected to a strip search as harassment or as part of the procedures for being transported

6   out of his cell. Although inmates are protected from searches that are performed solely for

7   "calculated harassment unrelated to prison needs," see Hudson v. Palmer, 468 U.S. 517, 530

8   (1984); Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir. 1989), strip searches serve a

9   legitimate penological purpose so long as a prisoner has any opportunity to obtain contraband

10  or a weapon outside his cell. See Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir.

11  1988) (visual body cavity searches of inmates in restrictive unit were not excessive, even

12  when done every time inmate entered or left the cell).

13      Therefore, the Court will dismiss without prejudice Count Three.

14      **C.    Failure to Link Defendant with Injuries**

15      To state a valid claim under § 1983 or Bivens, plaintiffs must allege that they suffered

16  a specific injury as a result of specific conduct of a defendant and show an affirmative link

17  between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362,

18  371-72, 377 (1976). There is no *respondeat superior* liability under § 1983 or Bivens, and

19  therefore, a defendant's position as the supervisor of persons who allegedly violated

20  Plaintiff's constitutional rights does not impose liability. Monell v. New York City

21  Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d

22  1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because

23  vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each

24  Government-official defendant, through the official's own individual actions, has violated

25  the Constitution." Iqbal, 129 S. Ct. at 1948.

26      Plaintiff has not alleged that Defendant Venzwela personally participated in a

27  deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act,

28  or formed policies that resulted in Plaintiff's injuries. Plaintiff has made no allegations at all

1   against Defendant Venzwela.  Thus, the Court will dismiss without prejudice Defendant
2   Venzwela.

3   **IV.   Leave to Amend**

4       For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for
5   failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may
6   submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of
7   Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.
8   If Plaintiff fails to use the court-approved form, the Court may strike the second amended
9   complaint and dismiss this action without further notice to Plaintiff.

10      Plaintiff must clearly designate on the face of the document that it is the "Second
11  Amended Complaint."  The second amended complaint must be retyped or rewritten in its
12  entirety on the court-approved form and may not incorporate any part of the original
13  Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim
14  per count.

15      A second amended complaint supersedes the original Complaint and First Amended
16  Complaint.  <u>Ferdik</u>, 963 F.2d at 1262); <u>Hal Roach Studios</u>, 896 F.2d at 1546 After
17  amendment, the Court will treat the original Complaint and First Amended Complaint as
18  nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original
19  Complaint or First Amended complaint is waived if it is not raised in a second amended
20  complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

21  **V.   Warnings**

22      **A.   Address Changes**

23      Plaintiff must file and serve a notice of a change of address in accordance with Rule
24  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
25  relief with a notice of change of address.  Failure to comply may result in dismissal of this
26  action.

27  . . . .

28  . . . .

JDDL                                    - 7 -

1

    **B.**      **Copies**

2        Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

3  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

4  to Plaintiff.

5        **C.**      **Possible Dismissal**

6        If Plaintiff fails to timely comply with every provision of this Order, including these

7  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

8  1260-61 (a district court may dismiss an action for failure to comply with any order of the

9  Court).

10  **IT IS ORDERED:**

11        (1)    The First Amended Complaint (Doc. 6) is **dismissed** for failure to state a claim.

12  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in

13  compliance with this Order.

14        (2)    If Plaintiff fails to file a second amended complaint within 30 days, the Clerk

15  of Court must, without further notice, enter a judgment of dismissal of this action with

16  prejudice.

17        (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

18  rights complaint by a prisoner.

19        DATED this 29th day of June, 2011.

20

21

22                                  _____

23                   Robert C. Broomfield
                            Senior United States District Judge

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:          **OR**          Tucson Division:
U.S. District Court Clerk                                      U.S. District Court Clerk
U.S. Courthouse, Suite 130                               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10              405 West Congress Street
Phoenix, Arizona  85003-2119                          Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>       Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,            )
(Full Name of Plaintiff)      Plaintiff,       )
                                                )
                              vs.               )   **CASE NO.** _____
                                                )            (To be supplied by the Clerk)
(1)_____ ,            )
(Full Name of Defendant)                        )
(2)_____ ,            )
                                                )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,            )   **BY A PRISONER**
                                                )
(4)_____ ,            )   ☐ Original Complaint
                              Defendant(s).     )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
                 (Position and Title)                              (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
                 (Position and Title)                              (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
                 (Position and Title)                              (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
                 (Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                           ☐ Yes     ☐ No
b.    Did you submit a request for administrative relief on Count I?                        ☐ Yes     ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?        ☐ Yes     ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities            ☐ Mail            ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                          ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?                  ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?         ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities      ☐ Mail           ☐ Access to the court      ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion      ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?         ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                     DATE                                SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.