**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Peter E. Waswa, | ) | No. CV 11-1046-PHX-RCB (MEA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Corrections Corporation of America, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On May 25, 2011, Plaintiff Peter E. Waswa, who is confined in the Corrections Corporation of America's Eloy Detention Center in Eloy, Arizona, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. In a June 13, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On June 24, 2011, Plaintiff filed his First Amended Complaint. In a June 30, 2011 Order, the Court dismissed the First Amended Complaint because Plaintiff again had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

1   On July 11, 2011, Plaintiff filed a Second Amended Complaint (Doc. 8).[1]  The Court
will dismiss the Second Amended Complaint and this action.

**I.      Statutory Screening**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted *in forma pauperis status*, the Court

> shall dismiss the case at any time if the court determines that . . . the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual

---

[1]Like his original Complaint and First Amended Complaint, Plaintiff brought his Second Amended Complaint as an action pursuant to 42 U.S.C. § 1983.  As the Court explained in its June 13th and June 30th Orders, the named defendants are federal actors, not state actors.  Therefore, Plaintiff's action is more appropriately brought as an action pursuant Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and will be treated as such.

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. Second Amended Complaint

A second amended complaint supersedes the original complaint and first amended complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the Second Amended Complaint against only those Defendants named in the Second Amended Complaint.

In his three-count Second Amended Complaint, Plaintiff sues the following Defendants, all of whom are employed at the Eloy Detention Center: Correctional Officers Venzwela, S. Jolly, and D. Rodeguze, and Sergeant Hlynes. In his Request for Relief, Plaintiff seeks monetary damages.

## III. Failure to State a Claim

### A. Failure to Link Defendant with Injuries

To state a valid claim under § 1983 or Bivens, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983 or Bivens, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because

1  vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each
2  Government-official defendant, through the official's own individual actions, has violated
3  the Constitution." Iqbal, 129 S. Ct. at 1948.

4      Plaintiff has not alleged in his Second Amended Complaint that Defendant Hlynes
5  personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a
6  deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the
7  Court will dismiss Defendant Hlynes.

### B. Failure to State a Claim

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

#### 1. Count One

In Count One, Plaintiff alleges that he was subjected to an improper patdown by Defendant Venzwela. He claims that Defendant Venzwela patted him down, Plaintiff told Defendant Venzwela that he was "[wr]ong to what he did," and Defendant Venzwela apologized. Plaintiff contends that he told Defendant Venzwela the following day not to pat him down and Defendant Venzwela walked towards Plaintiff like he was going to hurt Plaintiff.

Although the Due Process Clause of the Fourteenth Amendment protects against the imposition of "punishment" prior to an adjudication of guilt, a detainee may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 539. "[M]aintaining institutional security and preserving internal order and discipline are

1 essential goals that may require limitation or retraction of the retained constitutional rights
2 of both convicted prisoners and pretrial detainees." Id. at 546.

It is unclear from Plaintiff's vague and conclusory allegations how Defendant Venzwela's patdown was improper or how Defendant Venzwela's conduct ran afoul of the Due Process Clause. Plaintiff has failed to state a claim in Count One and, therefore, the Court will dismiss Count One.

### 2. Count Two

In Count Two, Plaintiff claims that he was subjected to sexual harassment by Defendant Jolly. He alleges that Defendant Jolly walked up to Plaintiff's cell and informed Plaintiff that, if Plaintiff failed to comply with Defendant Jolly's instructions, Defendant Jolly would writeup Plaintiff and he would remain in the special housing unit. Plaintiff contends that he had to remove his clothes, bend over, and cough three times. Plaintiff asserts that Defendant Jolly laughed at him.

As was the case with Plaintiff's allegations in his original Complaint and First Amended Complaint, it is unclear whether Plaintiff was subjected to a strip search as harassment or as part of the procedures for being transported out of his cell. Although inmates are protected from searches that are performed solely for "calculated harassment unrelated to prison needs," see Hudson v. Palmer, 468 U.S. 517, 530 (1984); Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir. 1989), strip searches serve a legitimate penological purpose so long as a prisoner has any opportunity to obtain contraband or a weapon outside his cell. See Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir. 1988) (visual body cavity searches of inmates in restrictive unit were not excessive, even when done every time inmate entered or left the cell). Plaintiff's vague and conclusory allegations are insufficient to state a claim and, therefore, the Court will dismiss Count Two.

### 3. Count Three

In Count Three, Plaintiff alleges that he was "disrespected" because Defendant Rodeguze called him a "bitch." Plaintiff has failed to state a claim because verbal abuse and name calling do not violate the Constitution. Oltarzewski v. Ruggiero, 830 F.2d 136, 139

1 (9th Cir. 1987) ("'[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983'" (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979))). Thus, the Court will dismiss Count Three.

**IV.  Dismissal without Leave to Amend**

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 8) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 20th day of July, 2011.

_____
Robert C. Broomfield
Senior United States District Judge